[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2006
THOMAS K. KAHN
CLERK

No. 05-15744
Non-Argument Calendar
_____

D. C. Docket No. 03-00623-CR-2-KOB-PWG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOM JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(June 16, 2006)**

Before DUBINA, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Tom Jones appeals his conviction, which was entered pursuant to a jury verdict finding him guilty of knowingly possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). On appeal, Jones

argues that the district court erred by giving an erroneous supplemental jury instruction in response to a question posed by the jury during its deliberations. More specifically, Jones argues that the supplemental instruction misled the jurors and allowed them to convict him based upon a gun other than the one specified in the indictment. After careful review, we affirm.

"The district court has broad discretion in formulating a jury charge as long as the charge as a whole is a correct statement of the law. We will not reverse a conviction unless we find that issues of law were presented inaccurately or the charge improperly guided the jury in such a substantial way as to violate due process." United States v. Perez-Tosta, 36 F.3d 1552, 1564 (11th Cir. 1994) (internal citations omitted). "A challenged supplemental jury instruction is reviewed as part of the entire jury charge, in light of the indictment, evidence presented and argument of counsel 'to determine whether the jury was misled and whether the jury understood the issues.'" United States v. Johnson, 139 F.3d 1359, 1366 (11th Cir. 1998) (internal citations omitted).

Here, the jury posed the following question: "Can we consider the presence of the gun in the house where the defendant lives for the purposes of this charge against the defendant?" After consulting with both parties, the district court provided the following response: "The jury can consider all of the evidence

submitted in considering the charges against the defendant, but you must also follow all of the court's instructions to you as to the law to apply to the evidence." Jones urges that while the government's case against him focused on a Burgo .22 caliber pistol, the court's supplemental instruction suggested that the jury could convict him for possessing one of the other guns that his brother testified were kept in the house where the brothers lived with their mother. We disagree.

Although Jones's brother testified that there were several other guns in the house, the jury asked, "Can we consider the presence of the gun in the house . . . ?" (emphasis added). There was no testimony connecting Jones to any other gun in the house he shared with his brother and mother, and his brother testified that any other guns in the house belonged to others. The indictment charged Jones with the possession of only the Burgo, and the district court specifically charged the jury that "the defendant is on trial only for the specific offense alleged in one count of the indictment." In short, it is clear that the jury was asking only about the gun charged in the indictment (the Burgo), while it was present in the house, and, given the evidence presented and the government's theory of the case based exclusively on the Burgo, we cannot conclude that the supplemental instruction misled the jury. Because the district court's supplemental

3

jury instruction neither misstated the law, nor misled the jury, the court did not

abuse its discretion in giving that instruction.[1]

**AFFIRMED.**

---

[1] To the extent Jones asserts the instruction was not specific enough, we likewise are unpersuaded and affirm. We also reject Jones's argument that the supplemental instruction constructively amended the indictment.